FILED
Dec 04, 2020
07:15 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| TONY FURSTNAU,<br>       Employee, | ) <br> ) | Docket Number: 2019-02-0556 |
| v. | ) | |
| PC METRO BOTTLING,<br>       Employer, | ) <br> ) | State File Number: 62608-2019 |
| And | ) | |
| INDEMNITY INSURANCE<br>COMPANY OF NORTH AMERICA,<br>       Carrier. | ) <br> ) <br> ) | Judge Brian K. Addington |

---

## EXPEDITED HEARING ORDER
### (DECISION ON THE RECORD)

---

Tony Furstnau filed a Request for Expedited Hearing seeking benefits for an alleged August 9, 2019 work injury. The central issue is whether he is likely to prove at a final hearing that he suffered an injury primarily arising out of and in the course and scope of his employment. Because he did not provide a physician's opinion linking the cause of his injury to his work, the Court denies the requested benefits.

### Claim History

Mr. Furstnau experienced low-back and right-hip pain two to three weeks before getting medical treatment on July 31, 2019, through his local VA medical center. On August 9, his pain worsened as he performed his job at PC Metro. He worked through his shift and rested for the next two days. By Monday, August 12, his pain was so severe that he decided to return to the VA hospital. He was given an injection and light-duty work restrictions.

Mr. Furstnau told his supervisor about his pain and restrictions, who assigned light-duty and instructed him to report his injury to the work injury hotline. Mr. Furstnau complied.

1

The next day, PC Metro sent Mr. Furstnau to Dr. Janice Schweitzer.[1] She noted his pain was "related" to work activities and continued his light-duty restrictions. Dr. Schweitzer later ordered an MRI. After reviewing the results, she referred him to a neurosurgeon. PC Metro provided a panel, and Mr. Furstnau selected Dr. Jody Helms.

In his first office note, Dr. Helms said that Mr. Furstnau's back pain began in late July while he was moving work product. He also reviewed the treatment Mr. Furstnau received at the VA hospital before diagnosing a right L4/5disc herniation and recommending surgery. He alternatively offered physical therapy and injections.

Mr. Furstnau decided to try physical therapy first. However, his symptoms did not improve after a few sessions, so Dr. Helms ordered surgery but provided no causation opinion. At this point, PC Metro denied the claim.

Mr. Furstnau argued he presented sufficient evidence to prove the work-relatedness of his injury and to succeed at a hearing on the merits. PC Metro argued the evidence was insufficient to establish a work-injury under the Workers' Compensation Law because Mr. Furstnau lacked a causation opinion.

**Findings of Fact and Conclusions of Law**

Mr. Furstnau must present sufficient evidence for the Court to determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Furstnau described suffering a cumulative back injury and seeks benefits. To receive them, he must show that his injury was caused by a specific incident or set of incidents arising "primarily out of and in the course and scope of employment," and that the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(B) (2019). Proving this requires a physician's opinion "to a reasonable degree of medical certainty," that his work accident "more likely than not" caused his injury "considering all causes." *Id*. at § 50-6-102(14)(C)-(D).

Dr. Schweitzer did not affirmatively state that Mr. Furstnau suffered an injury arising primarily out of and in the course and scope of his employment. Instead, she noted that his injury was "related" to his work at PC Metro. Although the statute does not require physicians to use specific words when giving a causation opinion, the use of "related" does not on its own meet the standard to prove medical causation.

For this reason, the Court finds that Dr. Schweitzer's medical opinion is insufficient to prove Mr. Furstnau suffered an injury arising primarily out of and in the course and scope of his employment. Further, Dr. Helms gave no opinion on the medical cause.

---

[1] The parties did not introduce evidence of whether he chose her from a panel.

2

Because neither doctor gave a sufficient opinion on medical causation, the Court holds Mr. Furstnau is not likely to prevail at a hearing on the merits and denies his request for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Furstnau's requested relief is denied at this time.

2. This case is set for a Status Hearing on **February 17, 2021, at 2:00 p.m. Eastern**. Please call **855-543-5044** to participate. Failure to call or appear may result in a determination of the issues without your further participation.

**ENTERED December 4, 2020.**


    /s/Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Mr. Furstnau's Affidavit
2. First Report of Injury
3. Wage Statement
4. Notice of Denial of Claim
5. Mountain Home VA Medical Center medical records (7/31/2019-5/13/2020)
6. Occupational Medicine Clinic (8/13/2019-8/30/2019)
7. Medical records of Dr. Jody Helms (9/12/2019-9/30/2019)
8. Medical records of Corner Stone Therapy (9/20/2019-10/4/2019)
9. Affidavit of Jerry Hilbert
10. Mountain Home VA phone record (7/31/2019)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Amend Record
5. Order Amending Record
6. Employer's Position Statement
7. Employee's Position Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on December 4, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| David Darnell, Employee's Attorney | | | X | david.darnell@deangreer.com |
| John Lewis, Employer's Attorney | | | X | john@johnlewisattorney.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*